

C4



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700   Direct Dial: (973) 645-2700
Newark, New Jersey 07102    Facsimile: (973) 297-2006

RA/PL AGR

April 16, 2018

Rubin Sinins, Esq.
Hicks Kahn Wikstrom & Sinins, P.C.
505 Morris Ave.
Springfield, NJ 07087

Re: <u>Plea Agreement with Jason Crespo</u>

Dear Mr. Sinins:

This letter sets forth the plea agreement between your client, Jason Crespo, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jason Crespo to an Information charging him with one count of conspiring to defraud the United States (specifically, the Internal Revenue Service (the "IRS")), in violation of Title 18 U.S.C. § 371. If Jason Crespo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jason Crespo for conspiring with others, including Jose Crespo, from 2011 to 2012, to submit false and fraudulent corporate income tax returns to the IRS based on fuel excise tax credits and to cash the resulting fraudulent refund checks, as set forth in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jason Crespo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jason Crespo, and any charges for which the statute of limitations was tolled pursuant to the December 11, 2017 and March 14, 2018 waivers signed by Jason Crespo, may be commenced against him, notwithstanding the expiration of the limitations period after Jason Crespo signs the agreement.

This plea agreement is contingent upon approval by the United States Department of Justice, Tax Division.

Sentencing

The violation of 18 U.S.C. § 371 to which Jason Crespo agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jason Crespo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jason Crespo ultimately will receive.

Further, in addition to imposing any other penalty on Jason Crespo, the sentencing judge: (1) will order Jason Crespo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Jason Crespo to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583 may require Jason Crespo to serve a term of supervised release of not more than 3 years which will begin at the expiration of any term of imprisonment imposed. Should Jason Crespo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jason Crespo may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Jason Crespo agrees to pay restitution in the amount of $191,953 to the Internal Revenue Service, which represents the "tax loss" attributable to the following companies, and tax years: Jason's Transportation Corporation, tax years 2008, 2009, and 2010; Tri-County Transportation Corporation, tax years 2008, 2009, and 2010; Cruising Transportation Corporation, tax years 2008, 2009, and

2

2010; Protec Transportation Corporation, tax years 2008, 2009, 2010, and 2011; J Crespo Trucking Services, tax year 2010; and Jason Cleaning Service Corporation, tax years 2008, 2009, and 2010. The restitution amount shall be paid according to a plan established by the Court. If the Court orders Jason Crespo to pay restitution to the Internal Revenue Service for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the Internal Revenue Service will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Jason Crespo does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Jason Crespo's timely payment of restitution according to that schedule will preclude the Internal Revenue Service from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jason Crespo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jason Crespo's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Jason Crespo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jason Crespo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-

sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jason Crespo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Jason Crespo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jason Crespo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jason Crespo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jason Crespo understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Jason Crespo waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jason Crespo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Jason Crespo.

No provision of this agreement shall preclude Jason Crespo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

Prior to the date of sentencing, Jason Crespo shall fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Jason Crespo agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Jason Crespo. With respect to disclosure of the criminal file to the Internal Revenue Service, Jason Crespo waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Jason Crespo's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Jason Crespo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: RAHUL AGARWAL
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes
Deputy Chief, Special Prosecutions Division

6

I have received this letter from my attorney, Rubin Sinins, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ Date: 5-18/18    _____ 6-28-18
Jason Crespo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 5/8/18    _____ 6/28/18
Rubin Sinins, Esq.

7

## Plea Agreement With Jason Crespo

### Schedule A

1. This Office and Jason Crespo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jason Crespo nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The applicable guideline is U.S.S.G. § 2T1.1, pursuant to U.S.S.G. § 2T1.9(a)(1).

4. Because the total tax loss in this case was $191,953, the base offense level is 16 pursuant to U.S.S.G. § 2T4.1(F). See U.S.S.G. § 2T1.1(a)(1).

5. Jason Crespo was a minor participant in the criminal activity. This results in a decrease of 2 levels. U.S.S.G. § 3B1.2(b).

6. As of the date of this letter, Jason Crespo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jason Crespo's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jason Crespo is 12 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Jason Crespo reserves his right to move for a downward variance based upon the factors set forth at 18 U.S.C. § 3553(a). This Office reserves the right to oppose such a motion.

9. Jason Crespo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion, or writ which

8

challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.